# United States Court of Appeals for the First Circuit

---

**UNITED STATES OF AMERICA,**
*Appellee,*

v.

**ORIEL OMAR MATOS-MENDEZ,**
*Defendant-Appellant.*

---

On Appeal from the United States District Court
for the District of Puerto Rico
Case No. 25-CR-191-ADC-1
Hon. Aida Delgado-Colón, U.S. District Judge

---

### APPELLANT'S OPENING BRIEF

---

**RACHEL BRILL**
Federal Public Defender
District of Puerto Rico

241 F.D. Roosevelt Ave.
San Juan, PR 00918
T. (787) 281-4922
F. (787) 281-4899
E. Joanna_Leroy@fd.org

**FRANCO L. PÉREZ-REDONDO**
Assistant Federal Public Defender
Supervisor, Appellate Division

**JOANNA LEROY**
Assistant Federal Public Defender

Attorneys for Defendant-Appellant
**ORIEL OMAR MATOS-MENDEZ**

# CONTENTS

REASONS WHY ORAL ARGUMENT SHOULD BE HEARD ............................. VII

JURISDICTIONAL STATEMENT ...................................................... 1

ISSUES PRESENTED FOR REVIEW ................................................ 2

I.    Did the district court commit legal error when it ordered Mr.
      Matos detained pending trial based almost entirely on the
      weight of the untested evidence against him and without an
      individualized determination based on the record before it? ......... 2

STATEMENT OF THE CASE ........................................................ 3

SUMMARY OF THE ARGUMENT ................................................... 5

STANDARD OF REVIEW ........................................................... 7

ARGUMENTS AND AUTHORITY .................................................... 8

I.    The district court committed legal error by flipping the
      presumption of innocence and ordering Mr. Matos detained
      pending trial based on his presumptive guilt ................................ 8

      A.    The district court impermissibly only considered the
            weight of the evidence in ordering Mr. Matos detained ....... 10

      B.    The district court did not consider any of the other "(g)
            factors," despite overwhelming evidence presented by
            him reasonably assuring the safety of the community
            and his future appearance in court. ................................... 12

            1.    Mr. Matos met his burden of producing evidence to rebut
                  the presumption of detention. ..................................... 13

            2.    The district court acknowledged that Mr. Matos has
                  rebutted the government's proffer attempting to show
                  dangerousness and flight risk. ..................................... 15

      3.   Probation initially found that there were appropriate conditions for Mr. Matos' release. ................................... 18

C.    The district court's risk-of-flight finding was not a determination particular to Mr. Matos. ............................... 19

      1.   The district court's finding that Mr. Matos presented a risk of flight was not an individualized decision. ........... 20

      2.   The risk-of-flight determination defied the record before the district court. ........................................................... 20

      3.   The risk-of-flight determination reinforced the district court's premature determination of Mr. Matos' guilt. .... 22

D.    The district court never entered a written statement of reasons for the detention order, necessitating vacation of that order........................................................................... 22

CONCLUSION ................................................................................ 24

CERTIFICATE OF COMPLIANCE .................................................... 25

CERTIFICATE OF SERVICE .......................................................... 26

**FEDERAL CASE LAW**                                                       **PAGE**

*United States v. Montalvo-Murillo,*
   495 U.S. 711 (1990) ................................................................ 8

*United States v. Salerno,*
   481 U.S. 739 (1987) ................................................................ 9

*Reed v. Ross,*
   458 U.S. 1 (1984) ................................................................ 8

*Stack v. Boyle,*
   342 U.S. 1 (1951) ................................................................ 8

*United States v. Abrams,*
   575 F.2d 3 (1st Cir. 1978) ................................................................ 10

*United States v. Acevedo,*
   600 F. Supp. 501 (D.P.R. 1984) ................................................................ 9

*United States v. Dominguez,*
   783 F.2d 702 (7th Cir. 1986) ................................................................ 12

*United States v. Jessup,*
   757 F.2d 378 (1st Cir. 1985) ................................................................ 12, 13

*United States v. Jones,*
   201 F.3d 429 (1st Cir. 1999) ................................................................ 7

*United States v. O'Brien,*
   895 F.2d 810 (1st Cir. 1990) ................................................................ 7

*United States v. Patriarca,*
   948 F.2d 789 (1st Cir. 1991) ................................................................ 9, 19

*United States v. Tortora,*
    922 F.2d 880 (1st Cir. 1990) ................................................... 7, 9, 19, 22

*United States v. Townsend,*
    897 F.2d 989 (9th Cir. 1990) ............................................................. 10

*United States v. Wilks,*
    15 F4th 842 (7th Cir. 2021) ............................................................... 12

## STATUTES

18 U.S.C. § 924(c)(1)(A)(i) ...................................................................... 4

18 U.S.C. § 3142(a)(1) ............................................................................. 8

18 U.S.C. § 3142(b) .................................................................................. 8

18 U.S.C. § 3142(e)(1) ............................................................................. 9

18 U.S.C. § 3142(e)(3)(A)-(B) ............................................................... 11

18 U.S.C. § 3142(g) ........................................................................... 10, 12

18 U.S.C. § 3142(g)(1) ........................................................................... 10

18 U.S.C. § 3142(g)(2) ........................................................................... 10

18 U.S.C. § 3142(g)(3) ....................................................................... 10, 12

18 U.S.C. § 3142(g)(4) ........................................................................... 10

18 U.S.C. § 3142(i) ................................................................................. 22

18 U.S.C. § 3142(j) ................................................................................... 8

18 U.S.C. § 3145 ................................................................................ 22

18 U.S.C. § 3145(b) ................................................................... 1, 3, 22

18 U.S.C. § 3145(c) ................................................................ 1, 4, 7, 22

18 U.S.C. § 3231 ................................................................................. 1

21 U.S.C. § 841(a)(1) ...................................................................... 3, 4

21 U.S.C. § 841 (b)(1)(A) ..................................................................... 3

21 U.S.C. § 841 (b)(1)(A)(ii) ................................................................ 4

21 U.S.C. § 846 ............................................................................... 3, 4

28 U.S.C. § 1291 ................................................................................. 1

## Reasons Why Oral Argument Should be Heard

We respectfully request oral argument. Although the factual issues are straightforward and the record reflects clear reversible error, the absence of certain transcripts and written statement of reasons by the district court limits the Court's ability to assess key aspects of the proceedings. In that context, counsel's familiarity with the case would materially aid the decisional process.

# United States Court of Appeals
# for the First Circuit

UNITED STATES OF AMERICA,
*Appellee,*

v.

ORIEL OMAR MATOS-MENDEZ,
*Defendant-Appellant.*

On Appeal from the United States District Court
for the District of Puerto Rico
Case No. 25-CR-191-ADC-1
Hon. Aida Delgado-Colón, U.S. District Judge

## APPELLANT'S OPENING BRIEF

TO THE HONORABLE COURT:

The defendant-appellant, Oriel Omar Matos-Mendez ("Mr. Matos"), represented by the Federal Public Defender for the District of Puerto Rico through undersigned counsel, respectfully states and prays:

# JURISDICTIONAL STATEMENT

Mr. Matos appeals from the district court's ruling order him detained pending trial.[1] Mr. Matos filed a timely notice of appeal on June 10, 2025.

The district court had original jurisdiction under 18 U.S.C. § 3231, providing exclusive jurisdiction over offenses against laws of the United States, and 18 U.S.C. § 3145(b), authorizing a district court to review *de novo* the imposition of a detention order by the magistrate judge and revoke or amend such order, if it so determines.

This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), authorizing appeals from all final decisions and release or detention orders of the district courts of the United States.

Mr. Matos is currently in custody at MDC Guaynabo awaiting trial.

---

[1] Citations: Docket entries in Case No. 25-CR-191-ADC-1 ("DE-[ ]"); Appellant's Appendix ("A__"); Appellant's Addendum ("AD_").

## ISSUES PRESENTED FOR REVIEW

I.    Did the district court commit legal error when it ordered Mr. Matos detained pending trial based almost entirely on the weight of the untested evidence against him and without an individualized determination based on the record before it?

## STATEMENT OF THE CASE

On April 3, 2025, Mr. Matos was charged via complaint for conspiring to possess and attempting to possess with the intention to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and § 846. DE-1. A bail hearing was held before a magistrate judge on April 7, 2025.[2] DE-16. After taking the matter under advisement, the magistrate judge ordered Mr. Matos detained pending trial, finding that the government had established by a preponderance of the evidence that there are no conditions that would reasonably assure Mr. Matos' appearance in court.[3] AD3. Mr. Matos appealed the magistrate judge's detention order pursuant to 18 U.S.C. § 3145(b).

---

[2] Mr. Matos requested transcripts of the two days of *de novo* bail hearings on June 11, 2025. DE-38, DE-39. The motion was granted today, June 23, 2025. DE-41. Transcripts of the second day of the *de novo* hearing were then provided to Mr. Matos minutes before the filing of this brief, and he has yet to receive the transcripts of the first day. Therefore, references to statements and arguments made at those hearings are without citation. The Day 2 transcripts are provided at A27-A74, and Mr. Matos intends to supplement the record with the Day 1 transcripts once received.

[3] The magistrate judge did not find that the government had proven by clear and convincing evidence that Mr. Matos presented a danger to the community.

Soon after the detention order was entered, Mr. Matos was indicted for one count of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and § 846, and one count of possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). A10-A13. The district court then set a *de novo* bail hearing to review the magistrate judge's detention order for May 15, 2025. DE-24. On that day, the district court informed the parties that it had received information from the United States Probation Office regarding Mr. Matos' immigration status, and continued the *de novo* bail hearing with the instruction that the parties submit evidence regarding the immigration issue before moving forward. AD5. However, the government insisted on presenting its argument that day, which the district court allowed. *Id.*

A few days later, the government informed the district court that it was able to confirm Mr. Matos' status as a legal permanent resident. DE-25. A further *de novo* bail hearing was then held on May 30, 2025, at which Mr. Matos presented his arguments for release. AD6. At that time, the district court ordered Mr. Matos detained pending trial. *Id.* This timely appeal followed pursuant to 18 U.S.C. § 3145(c). DE-35.

The district court committed reversible error by ordering Mr. Matos detained pending trial based on its implicit finding that he was guilty of the present offense, in direct defiance of the presumption of innocence and the Bail Reform Act. The court emphasized that the weight of the yet-challenged evidence against Mr. Matos in this case was strong and mentioned no other factors under the Bail Reform Act in ordering him detained.

Mr. Matos presented more than sufficient evidence to rebut any presumption of detention and to reasonably assure the district court that he will appear in court as required and is not a danger to the community. In fact, his "community" was present at each and every hearing to support him and submitted numerous letters explaining how responsible and caring he is. Instead of considering that community support as demonstrating his character, community ties, and other factors under the Bail Reform Act, the district court merely found is as evidence of why it was so "sad" that he betrayed those people by committing the instant offense. Even its finding, not particularized to the facts on the record, that Mr. Matos was a flight risk was rooted in a presumption of guilt –

that he will surely face deportation upon his certain conviction, so he will therefore likely flee. Without any trial, without any due process, the district court found Mr. Matos guilty of the present offense at the bail phase, thereby committing reversible error. The district court's pretrial detention order should therefore be reversed, and this Court should order Mr. Matos released pending trial.

## STANDARD OF REVIEW

The standard of review for pretrial detention orders under 18 U.S.C. § 3145(c) is one of independent review, with "deference to the determination of the district court." *United States v. Jones*, 201 F.3d 429 (Table), *2 (1st Cir. 1999) (quoting *United States v. O'Brien*, 895 F.2d 810, 814 (1st Cir. 1990)). "Recognizing that appellate courts are ill-equipped to resolve factbound disputes, this standard cedes particular respect, as a practical matter, to the lower court's factual determinations." *Id.* (quoting *United States v. Tortora*, 922 F.2d 880, 882-83 (1st Cir. 1990)). This standard of review is "more rigorous than the abuse-of-discretion or clear-error standards but stopping short of plenary or *de novo* review." *Tortora*, 922 F.2d at 883.

I.  The district court committed legal error by flipping the presumption of innocence and ordering Mr. Matos detained pending trial based on his presumptive guilt.

The presumption of innocence is the "bedrock[,] axiomatic and elementary principle whose enforcement lies at the foundation of the administration of our criminal law." *Reed v. Ross*, 458 U.S. 1, 4 (1984) (internal quotation marks omitted). As such,

> federal law has unequivocally provided that a person arrested for a non-capital offense shall be admitted to bail. This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.

*Stack v. Boyle*, 342 U.S. 1, 3 (1951) (internal citations omitted).

It was with these principles in mind that Congress passed the Bail Reform Act of 1984 ("BRA"). *See United States v. Montalvo-Murillo*, 495 U.S. 711, 724 (1990) (Stevens, J., dissenting). The BRA not only defaults first to release on personal recognizance at initial appearance, 18 U.S.C. § 3142(a)(1), (b), but makes explicitly makes clear that "[n]othing in this

section shall be construed as modifying or limiting the presumption of innocence," 18 U.S.C. § 3142(j). As the Supreme Court has stated, these provisions reflect that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

Given the presumption of innocence and initial nature of bail proceedings, the BRA holds that the government must prove that "*no condition or combinations of conditions will reasonably assure*" the person's appearance or the safety of the community in order for the Court to order the person detained before trial. 18 U.S.C. § 3142(e)(1) (emphasis added). The government must prove dangerousness by clear and convincing evidence,[4] *United States v. Tortora*, 922 F.2d 880, 884 (1st Cir. 1990), which requires "a high degree of certainty that the information presented supports the conclusion of dangerousness or risk to the obstruction of justice," *United States v. Acevedo*, 600 F.Supp. 501, 509 (D.P.R. 1984). The government must establish risk of flight by a

---

[4] The district court believed, before correction by the defense, that dangerousness need only be proven by a preponderance of the evidence, further compounding its legal error.

preponderance of the evidence. *United States v. Patriarca*, 948 F.2d 789, 793 (1st Cir. 1991). Here, because the district court made its decision based on its implicit conclusion that Mr. Matos was guilty, in defiance of the strictures of the BRA, its detention order should be reversed and this Court should order Mr. Matos released.

A.   The district court impermissibly only considered the weight of the evidence in ordering Mr. Matos detained.

In determining whether appropriate release conditions exist, and whether the government has met its burden of proving dangerousness by clear and convincing evidence and flight by a preponderance, the court may take into account certain factors to aid its analysis. 18 U.S.C. § 3142(g) (hereinafter, the "(g) factors"). The (g) factors include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the danger posed to the community by the person's release. 18 U.S.C. § 3142(g)(1)-(4). Bail may only be denied "in the exceptional case." *United States v. Abrams*, 575 F.2d 3, 8 (1st Cir. 1978).

Because of the presumption of innocence, the weight of the evidence "is the least important" of the factors. *United States v. Townsend*, 897

F.2d 989, 994 (9th Cir. 1990) (internal quotations omitted). This is logical given that the evidence presented at the bail phase is untested – Mr. Matos has not yet been able to cross-examine witnesses, seek possible exculpatory evidence, challenge scientific findings, etc. The constitutional protections provided by the right to a speedy trial, the Confrontation Clause, the right to an attorney, the right to privacy and to challenge illegal searches and seizures, the right to remain silent and others exist for this very reason – to ensure that only guilty individuals are found guilty of a crime after proper the exercise of due process. U.S. Const. amends. IV, V, VI.

Here, none of these constitutional protections were implemented, yet the district court entered a constructive finding of guilt for the indited offense. The district court even found him guilty for state crimes for the alleged conduct, noting that by possessing a weapon in connection with a drug trafficking crime he has also committed a state offense. Thus, the district court committed legal error by making a pretrial detention determination based on a presumption of guilt without due process.

B.   The district court did not consider any of the other "(g) factors," despite overwhelming evidence presented by him reasonably assuring the safety of the community and his future appearance in court.

For certain enumerated offenses, such as those for which Mr. Matos-Mendez is charged in this case, a rebuttable presumption of detention exists. 18 U.S.C. § 3142(e)(3)(A)-(B). To rebut this presumption, the defendant need only present "some evidence" that he is not a danger to the community or a risk of flight. *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985). The defendant bears only "a light burden of production" to rebut the presumption, but the burden of persuasion always rests with the government." *United States v. Wilks*, 15 F4th 842, 846-57 (7th Cir. 2021); *see also Jessup*, 757 F.2d at (explaining that by adding the presumption, Congress did not mean "to impose a burden of persuasion on the defendant"). The presumption can be rebutted by "[a]ny evidence favorable to a defendant that comes within a category listed under § 3142(g) . . . , including evidence of their marital, family and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in 3142(g)(3)." *United*

*States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). As long as a defendant "come[s] forward with some evidence that defendant will not flee or endanger the community if released," the presumptions of flight risk and dangerousness are definitively rebutted. *Id.* Significantly, "[o]nce this burden of production is met, the presumption is 'rebutted.'" *Id.* (quoting *Jessup*, 757 F.2d at 384). Ultimately, "[T]he presumption is just one factor among many" in deciding whether any condition or combinations exist to reasonably assure the defendant's compliance with the provisions of the BRA. *Jessup*, 757 F.2d at 384.

       1.    Mr. Matos met his burden of producing evidence to rebut the presumption of detention.

Mr. Matos presented overwhelming evidence of his responsible character, strong community ties, steady employment, clean criminal record and other mitigating information that easily rebutted the presumption of detention – far more than was even necessary to overcome that low bar. He submitted *twenty-three* different character reference letters of friends, family, and community members, all in Puerto Rico, discussing how responsible, caring, hard-working, and dedicated to his family he is. These letters other proffer presented at the

hearing established that he has been in Puerto Rico for nearly 15 years, and has been a legal permanent resident since 2015.

Also at the *de novo* bail hearing, Mr. Matos discuss how he has his elderly father (a United States citizen) whom he cares for, a 13-year-old son (a United States citizen), and two daughters, aged 22 and 23 (legal permanent residents), all here in Puerto Rico, and that he has an exceptionally close relationship with all of them. He also presented evidence of the business that he owns and runs with his daughters, Gomera El Domi, a tire shop, which he has had since 2011. All of this information was corroborated in the Pretrial Services Report. DE-12. Mr. Matos also proffered that his family was struggling without him, not only emotionally but also financially, given that he runs the business that they all depend on economically and it has been impossible to maintain the tire shop without him. Moreover, his family and friends were present at every hearing to show their continued support for Mr. Matos.

This evidence of longstanding and strong ties to his community in Puerto Rico (and the presence of that community at each of his hearings), of his stable employment, and of a responsible character is exactly the kind of information contemplated by the BRA to rebut the presumption

of detention. He proved himself to be a caring family man who presents no danger to anyone and who would never leave those who need him her in Puerto Rico behind. The presumption of detention was thus easily rebutted, and the Court made no finding as the same. It did not discuss

Rather, the only acknowledgement that the district court made of all this mitigating evidence – which goes directly to the (g) factors – actually provided direct insight to its decision that Mr. Matos is guilty of the present offense: it stated that it was this very evidence of community support and people that trust him that makes it so sad that he did this to them  and defied that trust. In other words, the district court found him guilty right there at the bail hearing, in complete defiance of the presumption of innocence. The district court treated the proceeding like a sentencing hearing, and its decision should therefore be reversed and Mr. Matos should be ordered released pending trial.

> 2.  The district court acknowledged that Mr. Matos has rebutted the government's proffer attempting to show dangerousness and flight risk.

The government, as part of its argument to establish that Mr. Matos presented a danger to the community and a flight risk, proffered

several points. It attempted to paint Mr. Matos' prior ownership of a bar, a cash business, as somehow shady or illegal, by presenting evidence that he had to withdraw large amounts of cash from the bank. Mr. Matos then presented evidence that supported that the bar was completely above board, was a successful business, and that taking cash out of the bank to pay his vendors – with whom he had a credit line because he could not pay all at once – was nothing abnormal.

The government proffered that Mr. Matos has traveled to the Dominican Republic several times over the past few years, hinting that perhaps those visits indicated illegal conduct. Mr. Matos quickly debunked that theory as well, presenting a letter from his ill mother in the DR that proved that those visits were to care for her and spend holidays with her, and to help his daughters get their legal status in the United States.

The government also argued that a prior arrest and dismissed charged for alleged domestic violence somehow proved that Mr. Matos was a danger to the community. However, Mr. Matos presented a letter from his former partner that indicated that Mr. Matos never hurt her in

any way, that she was simply upset after a break-up, and that they remain very dear friends.

Lastly, the government had proffered that a cell phone found in Mr. Matos' possession contained a video of a secret drug lab in South America, implying that he is in a position of trust with a drug organization. However, the district court found that the defense sufficiently rebutted that with its proffer that that video was provided by a government informant, thereby dispelling the allegation of the government and weakening the evidence.[5]

The district court, after hearing all of these arguments, found that the defense had sufficiently refuted the government's proffer as to the matters outside of the present case. It even stated that it never gave much weight to the prior arrest anyway, even before Mr. Matos successfully diffused any possible concerns it may have had. Mr. Matos is therefore not challenging the district court's factual findings as to this

---

[5] The fact that the defense was able to refute a government allegation of seemingly "strong" evidence by proffer at a bail hearing underlines the importance of not depending too heavily on the weight of the evidence so early in a case, given that further due process could similarly call into question such evidence as the case proceeds.

proffer, but rather highlights the fact that, given that finding, it is clear that the district court relied only on the weight of the evidence as to the present offense in ordering Mr. Matos detained.

>    3.    Probation initially found that there were appropriate conditions for Mr. Matos' release.

The United States Probation Office ("USPO") found, after speaking with Mr. Matos, corroborating information with his father, and conducting its own investigation, found that there were conditions that could be fashioned such that could reasonably assure his appearance in court and the safety of the community, and said so in its pretrial report. DE-12. At the *de novo* hearing, the district court asked if the USPO that was present had anything to add to or amend in the report, to which the USPO answered that he did not. However, the district court then had a sidebar conversation with the USPO, after which the district court announced that the pretrial reports are generally based only on initial information and that the USPO can change its position over time. No amended pretrial report was ever filed and no changed recommendations, or the facts upon which such a change may have been relied, were put on the record. To the extent that the district court relied

on information or arguments provided at sidebar by the USPO that was not put on the record in ordering Mr. Matos detained, that reliance was also legal error.

C.     The district court's risk-of-flight finding was not a determination particular to Mr. Matos.

The only other finding made by the district court, in addition to the fact that the weight of the evidence mandated detention, was that Mr. Matos presented a risk of flight because he could be deported upon conviction. The defense objected to that finding at the *de novo* hearing and explained that the evidence on the record shows that he would not flee given his strong community ties and that, even facing deportation he would choose to spend as much time with his family as possible in Puerto Rico and help with the tire shop. The district court responded that, while it understood that logic, it had two similar recent cases where the defendants fled, and therefore so could Mr. .Matos This finding was legal error because it was not particular to Mr. Matos, in violation of the BRA.

1. The district court's finding that Mr. Matos presented a risk of flight was not an individualized decision.

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." *Tortora*, 922 F.2d at 888.

By finding that simply because Mr. Matos faced adverse immigration consequences upon a possible conviction, he presented a flight risk, the district court, without more, was "lumping" Mr. Matos together with other non-citizens based solely on their immigration status. *Patriarca*, 948 F.2d at 794. The district court vaguely mentioned other cases it had seen where the defendants fled and that, while some people facing possible immigration may comply with release conditions, others may not. No particularized decision as to Mr. Matos was made based on the evidence before the court.

2. The risk-of-flight determination defied the record before the district court.

The evidence on the record showed that conditions existed that could *reasonably assure* (the BRA standard) – if not guarantee – that Mr. Matos would appear in court in the future. First, the countless letters of

support from his community members indicating how responsible he is, the continued physical presence of his family friends in court, the need for him to return to his business so it did not fail and so he support his family financially, all indicate a person who is reliable and will show up when called into court. The district court did not even mention or seemingly consider the condition of a secured bond, as mentioned by probation (though opposed by Mr. Matos) or even electronic monitoring – or any other condition – to mitigate any supposed flight concerns by the court.

Next, Mr. Matos presented evidence from the United States Courts and the USPO indicating that of 1,045 people released on pretrial conditions in the District of Puerto Rico in the twelve months leading up to September 2024, only two failed to appear. Mr. Matos also explained that the data showed that even in districts with higher release rates, those numbers stay just as low, indicating that federal defendants nearly always show up to court. In response, the district court found that those numbers are likely not accurate (despite being official statistics from the United State Courts) because they do not reflect unreported violations post-guilty plea, or they simply show that magistrates judges are doing a

good job of gatekeeping possible offenders from being released. The district court went out of its way to ignore the record before it and baldly found a risk of flight despite overwhelming evidence otherwise.

3.  The risk-of-flight determination reinforced the district court's premature determination of Mr. Matos' guilt.

The district court, in making its risk-of-flight finding, emphasized that he will likely face deportation if convicted. Its emphasis on this point, and not on the evidence before it of his family and community circumstances and responsible nature, indicates that it believed that a conviction was inevitable and that his deportation was therefore a foregone conclusion. Thus, even the district court's determination that Mr. Matos posed a flight risk based on his immigration status was also rooted in its finding that Mr. Matos was guilty of the offense, and for that reason also constitutes reversible legal error.

D.  The district court never entered a written statement of reasons for the detention order, necessitating vacation of that order.

The district court ruled at the *de novo* hearing, for the reasons stated *supra*, that Mr. Matos would be detained pending trial. That order

was then reiterated in a simple minute entry of those proceedings. DE-34. However, no written statement was entered that indicates the particularized reasons for the order of detention. Because a detention order with written findings of fact and reasons for the detention is required under the BRA, 18 U.S.C. § 3142(i), the lack of such written order will "in all probability necessitate vacation of the order."[6] *Tortora*, 922 F.2d at 883. As such, the detention order in this case should be vacated.

Even if the district court were to enter a written statement of findings and reasons if, say, this Court remanded with such instructions, the legal error would still be insurmountable. Any findings at this point would be tainted by the district court's implicit decision that Mr. Matos is guilty of the present offense, which finding is riddled throughout its decisions made at the *de novo* detention hearing. As such, Mr. Matos requests that this Court vacate the detention order by the district court, without remanding for written reasoning, and order Mr. Matos released.

---

[6] Mr. Matos understands that the district court has been embroiled in a lengthy trial in another matter, but § 3145 requires that bail appeals, both at the district court level and before this Court, be determined "promptly." 18 U.S.C. §§ 3145(b), (c).

## CONCLUSION

For all the above reasons, this Court should vacate the district court's order of detention and order Mr. Matos released.

### RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on the 23rd day of June, 2025.

**RACHEL BRILL**
Federal Public Defender

**FRANCO L. PÉREZ-REDONDO**
Assistant Federal Public Defender
Supervisor, Appeals Section

**S/JOANNA LEROY**
Assistant Federal Public Defender
First Circuit Bar No. 1204668
241 F.D. Roosevelt Ave.
San Juan, Puerto Rico 00918-2441
Telephone: (787) 281-4922
Fax: (787) 281-4899
Email: Joanna_LeRoy@fd.org

**CERTIFICATE OF COMPLIANCE**

**1.** This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 4534 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

**2.** This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using a 14-point Century Schoolbook font.

In San Juan, Puerto Rico, on the 23rd day of June, 2025.

**s/JOANNA LEROY**
Assistant Federal Public Defender
First Circuit Bar No. 1204668
Email: Joanna_LeRoy@fd.org

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and exact copy of this Appellant's Opening Brief was filed with the Clerk of Court using the CM/ECF system which will send notification to all parties of record, including counsel for the appellee.

In San Juan, Puerto Rico, on the 23rd day of June, 2025.

s/**JOANNA LEROY**
Assistant Federal Public Defender
First Circuit Bar No. 1204668
Email: Joanna_LeRoy@fd.org

# United States Court of Appeals for the First Circuit

———————————

**UNITED STATES OF AMERICA,**
*Appellee,*

v.

**ORIEL OMAR MATOS-MENDEZ,**
*Defendant-Appellant.*

———————————

On Appeal from the United States District Court
for the District of Puerto Rico
Case No. 25-CR-191-ADC-1
Hon. Aida Delgado-Colón, U.S. District Judge

———————————————————————————————

## ADDENDUM TO APPELLANT'S OPENING BRIEF

———————————————————————————————

**RACHEL BRILL**
Federal Public Defender
District of Puerto Rico

241 F.D. Roosevelt Ave.
San Juan, P.R. 00918
T. (787) 281-4922
F. (787) 281-4899
E. Joanna_Leroy@fd.org

**FRANCO L. PÉREZ-REDONDO**
Assistant Federal Public Defender
Supervisor, Appellate Division

**JOANNA LEROY**
Assistant Federal Public Defender

Attorneys for Appellant
**ORIEL MATOS-MENDEZ**

# CONTENTS

Order of Detention Pending Trial,
 ECF No. 17 (Apr. 10, 2025) ....................................................................1-4

Minute Entry re: De Novo Hearing,
 ECF No. 27 (May 20, 2025) .......................................................................5

Minute Entry re: Motion Hearing,
 ECF No. 34 (June 10, 2025) .....................................................................6

AO 472 (Rev. 1/25) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

for the

District of    Puerto Rico

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.    25-341 (m) |
| Oriel Omar Matos-Méndez | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ **A.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

    ☐ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in l8 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☑ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**

    ☑ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

    ☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**

    ☐ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

    **OR**

☐ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

    ☐ **(1)** a serious risk that the defendant will flee if released; **or**

    ☐ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

Addendum 1

AO 472 (Rev. 1/25) Order of Detention Pending Trial

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

        ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

        ☐ **(e)** any felony that is not otherwise a crime of violence that involves:

           **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

    ☐ **(2)** the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

    ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a federal, State, or local offense; **and**

    ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ **(4)** an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Application of Any Presumption Established Above**

    ☐ The defendant has not rebutted the presumption.

    **OR**

    ☑ The defendant has rebutted the presumption.

Addendum 2

AO 472 (Rev. 1/25) Order of Detention Pending Trial

## Part III - Analysis and Statement of the Reasons for Detention

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

☑ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
☑ Weight of evidence against the defendant is strong.
☑ Subject to lengthy period of incarceration if convicted.
☐ Lack of significant family or other ties to the community.
☑ Significant family or other ties outside the United States.
☐ Lack of legal status in the United States.
☑ Subject to removal or deportation after serving any period of incarceration.
☐ Lack of stable residence.
☐ Lack of stable employment.
☐ Lack of financially responsible sureties.
☐ Prior attempt(s) to evade law enforcement.
☐ Use of alias(es) or false documents.
☐ History of alcohol or substance abuse.
☐ Prior criminal history.
☐ History of violence or use of weapons.
☐ Prior violations of probation, parole, or supervised release.
☐ Prior failure to appear in court as ordered.
☐ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
☐ Participation in criminal activity while on probation, parole, or supervision.
☐ The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:

Defendant coordinated the purchase of 10 kilos of cocaine. He arranged for partial payment to be made by an associate in NY. As such, Defendant has access to cash and to associates with cash. He has a firearms license and showed to the drug transaction with a firearm. Defendant admitted that he planned to send the cocaine to the continental U.S. Defendant has ties to the Dominican Republic, including his mother, sibling and wife. He also has property in the Dominican Republic. He is a legal resident of the U.S. but, if found guilty, he could be subject to deportation. Defendant represents a serious risk of flight.

Addendum 3

AO 472 (Rev. 1/25) Order of Detention Pending Trial

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:    04/10/25    s/ Giselle López-Soler

U.S. Magistrate Judge

Addendum 4

MIME-Version:1.0
From:prd_docketing@prd.uscourts.gov
To:prd_docketing@prd.uscourts.gov
Message-Id:<8797316@prd.uscourts.gov>
Subject:Activity in Case 3:25-cr-00191-ADC USA v. Matos-Mendez DeNovo Hearing
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## United States District Court

### District of Puerto Rico

### Notice of Electronic Filing

The following transaction was entered on 5/20/2025 at 5:03 PM AST and filed on 5/15/2025

**Case Name:**  USA v. Matos-Mendez
**Case Number:**  3:25-cr-00191-ADC
**Filer:**
**Document Number:** 27(No document attached)

**Docket Text:**
**Minute Entry for proceedings held before Judge Aida M. Delgado-Colon: DeNovo Hearing as to Oriel Omar Matos-Mendez (1) held on 5/15/2025. Present: AUSA Max Perez and AFPD Joanna LeRoy. Also present was USPO Eduardo Navedo. The defendant was present in court, under custody, and assisted by court interpreter. The court informed that, in preparation for the DeNovo hearing, the U.S. Probation Office received information by certain HSI-ICE agent in relation to defendant's residency status. Specifically, the USPO was informed that defendant is not a permanent resident, and a detainer would be lodged against him. In light of the information received and conveyed by the U.S. Probation Office, the court sustained the Magistrate Judge's order of detention until the parties obtain information and corroborating documentation.**

**The government urged the court to allow evidence to be presented in support of detention based on defendant's dangerousness and risk of flight, regardless of the defendant's status and whether or not he obtained authorization to reside in the United States. The court allowed the government to present evidence in support of detention. Exhibits admitted: Government Exhibits 1, 2 (audiovisual), and 3. The defense proffered that defendant's permanent residency was obtained by way of marriage to a U.S. citizen. The court indicated that, once corroborating information relating to defendant's residency status is received, where the defense to present evidence in support of release, a motion shall be filed to that effect. (Court Reporter Robin Dispenzieri.) (Hearing held in Hato Rey Courtroom 1.) Hearing set for 10:00. Hearing held at 10:11. Hearing ended at 10:56. Interpreter Jose Luis Rosado and Lynmar Vera. (vso)**

**3:25-cr-00191-ADC-1 Notice has been electronically mailed to:**

Joanna E. LeRoy     joanna_leroy@fd.org, edwin_mora@fd.org, lizbeth_rodriguez@fd.org, vivianne_marrero@fd.org

Addendum 5

MIME-Version:1.0
From:prd_docketing@prd.uscourts.gov
To:prd_docketing@prd.uscourts.gov
Message-Id:<8818211@prd.uscourts.gov>
Subject:Activity in Case 3:25-cr-00191-ADC USA v. Matos-Mendez Motion Hearing
Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### United States District Court

### District of Puerto Rico

### Notice of Electronic Filing

The following transaction was entered on 6/10/2025 at 5:37 PM AST and filed on 6/4/2025

**Case Name:**     USA v. Matos-Mendez

**Case Number:**     [3:25-cr-00191-ADC](#)

**Filer:**

**Document Number:** 34(No document attached)

**Docket Text:**
**Minute Entry for proceedings held before Judge Aida M. Delgado-Colon: Motion Hearing as to Oriel Omar Matos-Mendez (1) held on 6/4/2025. Present: AUSA Ryan McCabe, AUSA Max Perez, and AFPD Joanna LeRoy. Also present was USPO Emanuel Bravo. The defendant was present in court, under custody, and assisted by court interpreter. The defense announced the proposed TPC as potential witness. Arguments were presented by the defense in relation to the evidence and proffer submitted by the government during the De Novo Hearing held on May 15, 2025, and conditions of release were requested. The government objected. After hearing the parties, and after conferring with the US Probation Officer, the court ordered defendant remain detained without bail. Findings made on the record. Exhibits admitted: Defendant's Exhibit 1, 2, 3, and 4 (in the Spanish Language). The defense to submit certified translation of Defendant's Exhibit 4. (Court Reporter Joe Reynosa.) (Hearing held in Hato Rey Courtroom 1.) Hearing set for 04:00. Hearing held at 04:21. Hearing ended at 05:37. Interpreter Maria Ceballos and Dennise Serrano. (vso)**

**3:25-cr-00191-ADC-1 Notice has been electronically mailed to:**

Joanna E. LeRoy     joanna_leroy@fd.org, edwin_mora@fd.org, lizbeth_rodriguez@fd.org, vivianne_marrero@fd.org

Ryan R. McCabe     ryan.mccabe@usdoj.gov, CaseView.ECF@usdoj.gov, adriana.acevedo.colon@usdoj.gov

Federal Public Defender Office     prx_notifications@fd.org, elizabeth_molina@fd.org, rafael_rivera@fd.org

**3:25-cr-00191-ADC-1 Notice has been delivered by other means to:**

<span style="color:blue">Addendum 6</span>